UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30970
Summary Calendar
_____

EDWARD L. BENNETT,

Plaintiff-Appellant,

versus

ALLSTATE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(94-CV-2755)
_____

January 16, 1996

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Edward L. Bennett ("Bennett") appeals the district court's grant of summary judgment in favor of his insurer, Allstate Insurance Company ("Allstate"), on Bennett's claims that Allstate breached its insurance agreement with him, failing to pay him the full amount of his uninsured motorists ("UM") coverage. After reviewing the evidence in the light most favorable to Bennett, this court affirms.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

**BACKGROUND**

In October of 1989, Bennett obtained an automobile liability insurance policy through Allstate that provided liability limits of $25,000/$50,000/$25,000 and UM limits of $10,000/$20,000. At Bennett's request, the couple's liability coverage was increased as of April 11, 1990 to $100,000/$300,000/$100,000. However, less than one month later, Bennett's wife, Ms. Handy-Bennett, signed her husband's name to a form entitled "Uninsured Motorist Insurance Selection of Coverages and Limits" ("UM Form"). This form provided the Bennetts with three options: option 1 allowed the insured to choose UM limits equal to the policy's liability limits; option 2, to choose UM limits below the corresponding liability limits; and option 3, to choose no UM coverage at all. The UM Form signed by Bennett's wife selected option 2 and specified that the UM limits were to be $10,000/$20,000.[1]

Bennett was later involved in a serious automobile accident with a motorist who carried an insurance policy with a $10,000 limit on liability coverage. After being paid $10,000 from the motorist's insurance, Bennett sought to supplement his recovery by collecting $100,000 in UM coverage from Allstate. Because Mrs. Handy-Bennett had signed the UM Form, however, Allstate paid Bennett what it considered to be the applicable limits of his UM coverage, $10,000.

---

[1] Specifically, a typewritten "X" was placed in the box next to option 2 and the UM limits were typewritten on the UM Form as well.

Because Bennett contends that the applicable coverage was $100,000, he filed suit to collect the $90,000 balance. After the parties conducted discovery, the district court granted Allstate summary judgment against all of Bennett's claims.

## DISCUSSION

This court reviews the district court's grant of summary judgment de novo, employing the same criteria used in that court. *Burfield v. Brown, Moore & Flint, Inc.,* 51 F.3d 583, 588 (5th Cir. 1995). Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Factual questions and inferences are viewed in the light most favorable to the nonmovant. *Lemelle v. Universal Mfg. Corp.,* 18 F.3d 1268, 1272 (5th Cir. 1994).

Although Rule 56(c) requires the moving party to demonstrate the absence of a genuine issue of material fact, a dispute about a material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). If the moving party demonstrates the absence of a genuine issue of material fact, then the nonmovant is burdened with establishing the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith*

3

*Radio,* 475 U.S. 574, 585-87, 106 S. Ct. 1348, 1355-56 (1986). This burden requires the nonmovant to do more than merely raise some metaphysical doubt as to the material facts. *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1355.

As discussed earlier, Bennett alleges that his applicable UM limit is $100,000, not $10,000 as Allstate contends. In general, in Louisiana, Allstate and other automobile insurers must provide UM coverage equal to or greater than the liability limits provided for in the policy, unless the insured specifically rejects such coverage or selects lower limits in writing. *See* La. Rev. Stat. Ann. § 22:1406D (West 1995). The policy rationale underlying this legislation is to encourage sufficient UM coverage so that victims of automobile accidents like Bennett will be fully insured. *See, e.g., Washington v. Savoie,* 634 So. 2d 1176, 1179 (La. 1994).

Interpreting this legislation, the Louisiana Supreme Court has delineated an acceptable method by which an insured can either reject UM coverage or select a lower limit. Specifically, when an insured selects lower UM limits, the Louisiana statute imposes three requirements for this selection to be valid: (1) the insured must be informed of his options in a way that allows him to make a meaningful choice among these options;[2] (2) the insured's selection must be clear, unambiguous, and unmistakable; and (3) any waiver of UM coverage must be in writing and signed by either the

---

[2] As discussed earlier, the three options are to have UM coverage equal to the liability limits in the policy; to have UM coverage that is less than the liability limits; or to have no UM coverage whatsoever. *See, e.g., Tugwell v. State Farm Ins. Co.,* 609 So. 2d 195, 198 (La. 1992).

insured or his authorized representative. *See, e.g., Henson v. Safeco Ins. Cos.,* 585 So. 2d 534, 538 (La. 1991); *Giroir v. Theriot,* 513 So. 2d 1166, 1168 (La. 1987). When such a UM selection is contested, the insurance company has the burden of establishing the waiver's validity. *See Henson, 585 So. 2d at 538; Tugwell,* 609 So. 2d at 197;

As the district court concluded, the UM Form in the present case is valid and comports with all requirements of Louisiana law. After all, the UM Form described UM coverage and gave the Bennetts an opportunity to make a meaningful choice from the three statutory options. The UM Form also clearly marked option 2, providing for UM coverage of $10,000/$20,000, less than the policy's general liability limits. Furthermore, it was dated and signed by Bennett's wife in his name.[3] For all these reasons, it validly modified Bennett's UM coverage to select the lower limit of $10,000/$20,000.[4]

Since Bennett was entitled to recover only $10,000 in UM coverage from Allstate, the district court properly concluded that Allstate has already satisfied its obligations to Bennett under their insurance agreement by tendering that amount to him.

---

[3] Ms. Handy-Bennett signed her husband's name to the UM Form. She admits that the signature on the UM Form is hers.

[4] Bennett's argument that the UM Form is somehow invalid because his wife never intended to sign such an agreement is specious. Bennett has no evidence whatsoever to challenge the fact that his wife signed the UM Form and, as a result, also attested to reading it. Bennett cannot survive summary judgment merely by speculating or raising some metaphysical doubt about the legitimacy of the UM Form. *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1355.

5

**CONCLUSION**

For the foregoing reasons, this court AFFIRMS the district court's grant of summary judgment to Allstate against Bennett's claims.